Ash *vs.* The State of Georgia.

WILLIAM A. ASH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. That an indictment for assault with intent to murder with a pocket-knife did not allege the use made of such weapon, is not good in arrest of judgment.

2. The fact that a juror said, before the trial, that "he wanted the defendant's case to come before him, that he would remember or recollect him," is not good ground to set aside a verdict where he swears to his impartiality.

3. Newly discovered evidence, which would not probably have produced a different result had it been admitted, is no ground for a new trial.

4. Where, upon a trial for the offense of assault with intent to murder, the court, at the request of defendant's counsel, charges that certain acts on the part of the person assaulted would have reduced the offense, had death ensued, from murder to voluntary manslaughter, it was not error to add the following: "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or attempt by the person killed to commit a serious personal injury on the person killing."

Criminal law.   Indictment.   Assault with intent to murder.   New trial.   Charge of Court.   Before Judge KNIGHT. Lumpkin Superior Court.   April Term, 1876.

The following report, taken in connection with the decision, will sufficiently explain the facts of this case:

At the request of defendant's counsel, the court charged the jury, in substance, as follows:   " If you are satisfied, from the

evidence, that in a quarrel between the prosecutor's wife and prisoner, she made threats of serious personal injury to him; that shortly afterwards, prosecutor, in company with one Jack Ash, went in the night time to Turner's mill, where prisoner was employed in attending to his usual business; that they approached him, one on each side, and when he asked them if anything was the matter, refused to answer but came toward him; that a quarrel ensued and prisoner, honestly acting under fears of great personal injury, struck the blow in order to save his own life or prevent great bodily harm, then these are other 'equivalent circumstances,' and it would not have been murder, but only voluntary manslaughter, if prosecutor had been killed."

To this the court added the charge set out out in the fourth head-note, and this was made one of the grounds of the motion for a new trial.

H. P. BELL; W. P. PRICE; B. A. MARTIN; J. N. DORSEY, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of an "assault with intent to murder," and on the trial therefor was found guilty. A motion was made in arrest of judgment, and for a new trial, on the several grounds therein set forth. Both motions were overruled by the court, and the defendant excepted.

1. An assault with intent to murder may be committed by using any weapon likely to produce death. The allegation in the indictment is "that the defendant, on the 9th day of February, 1876, then and there, unlawfully, and with force and arms, in the county aforesaid, using, then and there, a pocket knife, said knife being a weapon likely to produce death, upon one Francis S. Ash, in the peace of said state, then and there being, did make an assault with the intent

him, the said Francis S. Ash, then and there to kill and murder unlawfully, and with malice aforethought, contrary to the laws of the state," etc. The objection is that it is not specially alleged what use the defendant made of the knife. Whether this objection would have been good on special demurrer before pleading on arraignment, it is not necessary to decide. But, in our judgment, the objection comes too late after verdict, and it is not good in arrest of judgment, under the provisions of the 4629th section of the Code, and the construction given to that section by this court.

2. There was no error in overruling the motion in arrest of judgment. The evidence as to the incompetency of the juror, Wells, was not sufficient to set aside a verdict which could not well have been otherwise than it was under the evidence. The fact that the juror said before the term of the court, "that he wanted the defendant's case to come before him, that he would remember, or recollect him," did not affirmatively show that he was not an impartial juror when he had sworn that he was.

3. There was no error in overruling the ground as to the newly discovered evidence in relation to the knife being found in prosecutor's pocket. The prosecutor swore that he had no knife in his pocket at the time of the difficulty. After he had been cut by the defendant, and had fainted and been carried to Turner's house, there was a knife found in his pocket; when or how it got there does not appear; it was not identified as the prosecutor's knife. Such evidence as that, if it had been admitted on the trial, would not even probably have produced a different result.

4. There was no error in the charge of the court, in view of the evidence, after giving the charge as requested by defendant, by adding thereto—"In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or attempt by the person killed to commit a serious personal injury on the person killing."

Inasmuch as the court below was satisfied with the verdict, and after a careful review of the evidence disclosed in the

record we find nothing to cause us to be dissatisfied with it, let the judgment of the court below be affirmed.